FLORA ANN PERSON, administratrix of URIAH H. PERSON, deceased, et al., Appellees,

*vs.*

## LEVI J. MERRICK Appellant.

**APPEAL FROM MILWAUKEE CIRCUIT COURT.**

An order to plead, answer or demur, signed by the complainant's solicitor alone, though somewhat informal, is a substantial compliance with the statute and the rules of chancery practice.

A party cannot object, for error, to an order in his own favor, and made upon his own motion.

The Supreme Court has power to render an original and final decree, on appeal, in equity; but experience has proved that the practice is inconvenient and open to objections.

In a bill of foreclosure, the holder of a prior mortgage upon the same premises, is properly made a party.·

In a bill for foreclosure of a mortgage given for purchase money, a subsequent judgment creditor of the mortgagor, is not an indispensable party.

After a decree *pro confesso*, appeal to the Supreme Court, and a final decree there, it is too late to move to vacate the decree to enable the defendant to set up matter *dehors* the record in defence.

The committee and guardian of a lunatic must sell the real estate of his ward subject to all outstanding liens and incumbrances thereon; and a bond executed by him, conditioned to remove such liens, will not bind the estate.

A committee-man or guardian of a lunatic has no authority to bind by covenants in his deed, the estate of his ward; such covenants if valid at all, bind the guardian or committee-man personally, and not the estate which he represents.

THE appellees, complainants, filed their bill in the court below for the foreclosure of a certain mortgage made by the appellant to the said Charles H. Silkman, as committee and guardian of Uriah H. Person, a lunatic; exhibiting with said bill, the bond which said mortgage was given to secure, which was for the sum of eleven thousand and fifty dollars, the same being for purchase money of the mortgaged premises, which had been sold by said Silkman, guardian, &c., to said Merrick, payable, $2,500 at the date of the bond, also $3,000, and interest,

being a mortgage upon the premises, made to Charles J. Folger and assumed by the purchaser, Merrick, and the balance in three annual installments. The first payment of $2,500 had been paid.

A subpœna was issued and served on the appellant Merrick, on the 9th of January, 1855; the said Folger, who was also a defendant, being " not found." On the 5th of February the following rule was entered, to wit:

"The said Levi J. Merrick and Charles J. Folger, are required to appear and plead, answer or demur, to the said bill of complaint, on or before the 10th day of March next, or the bill will be taken as confessed.

"JAMES H. PAINE & SONS, *Complainants' Solicitors.*"

On the 13th of March, 1855, the separate answer of Folger was filed, and on the same day an order *pro confesso* as to Merrick, was entered.

On the 15th of March the deposition of Matthew Keenan was filed, stating that he had computed the amount due on the bond, and a decree of foreclosure was made and filed the same day.

May 7, 1855, defendant Merrick, by J. Downer, his solicitor, moved to vacate the decree *pro confesso*, and the decree of foreclosure and sale, for the reason that no order had been made or entered in the court, for defendant Merrick to plead, answer or demur, and for the reason that there had been no reference, to ascertain the situation of the mortgaged premises, and whether they could be sold in parcels, &c. ; which motion upon hearing, was allowed, and the decree of sale was set aside ; and the cause was referred to a court commissioner to ascertain and report to the court, within two days, whether the mortgaged premises could be sold in parcels without injury to the interests of the parties.

On the 10th of May, the report of the commissioner was filed, stating in substance, that the premises could be sold in parcels without injury, &c., which report said Merrick, by his counsel, moved to set aside and vacate, for the reason that no notice of

the time and place of taking the testimony on which the report was based, had been given said Merrick.

On the 24th of May, upon affidavit of computation filed, a final decree was entered in the cause against Merrick, of foreclosure and sale of the mortgaged premises, and for the payment by said Merrick of the sum of $6,429.61 to complainants, that the property be sold in parcels, &c., and that the decree stand as security for the remaining installments of the bond to become due, and that as to the said Folger and Munson the bill be dismissed.

From this decree the defendant Merrick appealed to the Supreme Court.

Upon hearing of the cause in this court on the appeal, the decree of foreclosure and sale which was made in court below, was modified by providing for the payment of the prior mortgage to Folger, out of the proceeds of the sale; and subsequently, the defendant Merrick, filed in this court a petition to vacate said decree of this court, and allow him to come in and file his answer to said original bill of complainants, and to be heard upon several matters of defence, which are set out in said petition, and which are adverted to at sufficient length in the opinion of the court.

Upon the hearing of the appeal,

*Jason Downer*, for appellant, made the following points:

1. The decree of foreclosure and sale in the court below made no provision for the payment of the mortgage to Folger, out of the proceeds of the sale. The sum decreed to be paid complainants is made up, in part, of the mortgage due Folger, and the paying the same to complainants would, or at least might, involve the paying of the same twice, as, by such payment to complainants, Folger's mortgage would not be discharged.

2. The decree is for the *absolute payment* of money. The decree should have merely recited the amount due, and then decreed a sale of the mortgaged premises unless payment should be made. *Dunkley vs. Van Buren*, 3 *John. Ch. R.* 330 *and authorities there cited.*

3. The bill is defective in not averring that the complainants have ever been appointed, by any court, administrator and administratrix of the estate of Uriah H. Person, deceased, and that they have *qualified* as such.

4. No order to plead, answer or demur, was ever entered; what purports to be such is in the name of the complainants' solicitors; an "order" is in the *name* and by the *authority* of the court.

5. Merrick having appeared in the case, by filing a motion to vacate the decree, was entitled to notice of the taking of testimony before the commissioner, which was the basis of his report.

6. Charles I. Folger was a necessary party. He was made a party, answered, and showed by his answer that he was a necessary party. The complainants, by dismissing their bill as to him, 'have thereby destroyed their suit, and their bill should be dismissed. *Moore vs. Simpson*, 5 *Littell*, 49; *Herrington vs. Hubbard*, 1 *Scam.* 569; *Spear vs. Campbell*, 4 *id.* 424; 1 *Gilman*, 646.

*E. Marriner*, for appellees:

The appeal from the final decree does not bring with it before this court the previous order *pro confesso.* 5 *Paige*, 296; 7 *id.* 87; 8 *id.* 583; 1 *Barb. Ch. Pr.* 386.

If it did, the order to plead, though perhaps open to criticism, is sufficient. The intention is plain; it is entered upon the records of the court by the party authorized by statute to enter it.

*By the Court*, COLE, J. Upon the hearing of this case on an appeal from the final decree for foreclosure and sale of the mortgaged premises, which had been made by the Circuit Court of Milwaukee county, we were led to the conclusion that the only material error in the proceedings of that court, or its decree, was the omission to provide in that decree for the payment of the

Folger mortgage. Folger, being a prior mortgagee, had properly been made a party to the suit, by the complainants, and had come in with his answer, disclosing his interest in the premises: provision should therefore have been made for the payment of his mortgage first out of the proceeds of the sale. It is true the suit was dismissed as to Folger, and we were given to understand by the counsel of the appellees, that one of the complainants had bought in this Folger mortgage ; but so long as it does not appear from the record, or by any paper in the case, that Folger is not still the owner of this mortgage, there is a manifest impropriety in decreeing that the money due upon that mortgage be paid directly to the complainants. For this reason alone we considered that the decree of the Circuit Court must be reversed, or so modified as to provide for the payment of this mortgage.

The other objections to the proceedings of that court and its decree, we do not consider valid, or of such a character as would justify us in reversing the decree, even if the situation of the cause were such that upon the record before us, we could regularly and properly go back and inquire into the alleged errors. Some of those objections to the proceedings of the court below and the decree, were presented to our consideration upon the hearing of the appeal, and again upon the argument of a motion subsequently made to set aside the original decree which was rendered in this court. And, perhaps it is convenient to dispose of such objections, taken to the proceedings of the Circuit Court before final decree, as are deemed material or proper to be noticed at this time. It must be premised, however, that the appellant was regularly served with process, but made no appearance in the cause until a decree *pro confesso* had been taken against him. He then came in and moved to vacate the decree *pro confesso*, and the decree of foreclosure and sale, principally for the reason that no order had been made or entered for him to plead, answer or demur, and because there had been no reference to ascertain the situation of the mortgaged premises, and determine whether they could be sold in parcels. The Circuit Court ordered that so much of the motion as related to the setting aside the decree of foreclosure and sale, be allowed, and that the decree

of foreclosure to that extent, be set aside, and that the motion in other respects be denied. From this order there was no appeal.

It is now insisted that the final decree of the Circuit Court and of this court was erroneous, for the reason that there had never been any proper order entered in the cause for the appellant to plead, answer or demur. It is said 'that the order which was entered in the usual rule book, was the order of the solicitors and not of the court. The order or rule to plead was signed by the solicitors of the complainants, and in this respect, perhaps, is a little informal, yet we think it substantially complies with the rules of chancery practice, and with the provisions of our statute. *R. S. ch.* 84, § 17. And we should have held the rule sufficient had the appellant taken his appeal from the order of the Circuit Court of May 7, 1855, refusing to set aside the decree *pro confesso*, upon that ground.

The Circuit Court, after setting aside the decree of foreclosure of May 7, 1855, directed a reference to a court commissioner to ascertain and report the situation of the mortgaged premises, and whether they could be sold in parcels without injury to the interest of the parties. The commissioner made report that they were so situated that they could be sold in parcels, and a decree was entered accordingly. On the 11th of May, before the final decree of foreclosure was made, the appellant made another motion to set aside the report of the commissioner as to the situation of the mortgaged premises, mainly for the reason that he had received no notice of the time and place of taking the testimony before the commissioner. There does not appear to have been any distinct action of the court upon this motion, though we suppose it must be considered as constructively overruled by the final decree rendered on the 24th of May following. Did the Circuit Court err in refusing to set aside the report of the commissioner for the reason alleged? We think not. We are unable to perceive how the appellant could have been prejudiced in consequence of not receiving notice of the time and place of taking the testimony before the commissioner, even if he were entitled to it under the rules of court, which is by no means clear. The commissioner reported that the premises were so

situated that they could be sold in parcels, and ordinarily a report of that character is all the defendant has any particular interest in securing. Moreover, it is not alleged that the report of the commissioner upon this point is incorrect, and that it is not for the advantage of all parties to have the premises sold separately. Had the report of the commissioner been otherwise, or had any attempt been made to show that the premises could not be sold in parcels, the application to set aside the report might have met with more favor. It undoubtedly appeared to the court like an attempt to delay and embarrass the proceedings, and to prevent the payment of money part due on the mortgage. Whether this was the real object of the motion or not, we cannot determine, but we must repeat that we cannot perceive how the appellant was or could have been prejudiced by the *ex parte* proceeding of the commissioner.

Thinking that the decree of the Circuit Court should be reversed solely upon the ground that it contained no provision for the payment of the Folger mortgage, we consented that an original and final decree for the sale of the mortgaged premises (which would obviate this objection), should be entered in this court, and thus save the parties the expense and delay which would result from remanding the case to the circuit to obtain such a decree. At the time, no substantial objection occurred to us, against entering such a decree; the mortgage money was due, and it seemed but right and proper that this court should aid the complainants in obtaining money unlawfully withheld from them by the appellant. Besides, the practice of entering original decrees of sale in foreclosure suits had to some extent obtained in this court, and it was therefore followed in the present instance. We have no doubt of our power to render original and final decrees, in such cases, and we think substantial justice was observed by that practice in the present case. Yet we are free to confess, that experience has shown that this practice is inconvenient, and open to serious objections, and therefore it will not be followed in future, except in very special cases.

After the decree had been entered in this court, a petition was

filed by the appellant and motion made in his behalf to vacate and set aside this decree, and that the cause be remanded to the Circuit Court for further proceedings.   Several grounds were relied on in the argument in support of this motion for vacating the decree of this court.   The observations already made, we think, sufficiently dispose of some objections taken to the decree for alleged errors apparent upon the record, and we do not deem it necessary to make any further remarks upon those points. Among other matters it was contended that the cause was not in a condition for a final decree in this court, because in the bill, Luther Munson had been made a party to the suit, and by the final decree in the court below, the suit was dismissed as to him, and that reversing that decree had the effect to restore him as a party to the suit; and that the same is undisposed of as to him. The complainants in their bill set forth that they were informed that Munson was a judgment creditor of Merrick, or had some claim against him; but what this claim was is not disclosed in the case.   There was no service of process upon Munson, nor any steps taken by publication or otherwise to bring him into court.   He is named in the subpœna, but after that no attention is paid to him until the suit is dismissed as to him in the final decree.   Whether Munson has any substantial, legal, or beneficial interest in the subject matter of the litigation, we do not know.   If he has, those interests will not be materially affected by the decree which we have rendered.   However, we cannot presume from this record, that Munson is such a necessary party to this proceeding that full and complete justice cannot be done if the suit is dismissed as to him, and therefore the decree of the court below upon that point was left undisturbed, or the suit is dismissed as to him.   It does not occur to us how a judgment creditor of the appellant can be an absolutely indispensable party in a suit to foreclose a mortgage given by the appellant to secure the payment of the purchase money of the property mortgaged.

Only one other matter remains to be noticed.   It appears that the appellant purchased certain real estate in the city of Milwaukee of one of the complainants, Silkman, who acted, in making the sale, as committee and guardian of Uriah H. Person,

a lunatic, and for the purpose of securing a portion of the purchase money, gave a mortgage upon the property, which mortgage was foreclosed in this suit. The property belonged to the lunatic, and it is very obvious that Silkman, in making the sale, acted in a fiduciary capacity. It is now stated in the petition filed to set aside the decree of this court, that Silkman, in his capacity of committee and guardian, at the time of the sale, gave a bond in the penal sum of seventeen thousand dollars, conditioned to remove all liens and incumbrances against the property, and to pay all taxes which should be assessed against it for the year 1853 ; and the appellant alleges that there are certain judgments against this property unsatisfied of record, and that he has paid several hundred dollars to discharge liens arising from the unpaid taxes for the year 1853. He now insists that the decree should be vacated and the case remanded to the circuit, to give him an opportunity of coming in with his defence, and of having all incumbrances and tax liens satisfied out of the unpaid purchase money.

This is certainly new matter; no attempt having been made while the suit was pending in the court below, to set up this defence. But, if it had been made, we think it must have been unavailing. The complainant Silkman, had no authority to bind the estate conveyed to him with any such equities. He acted as a naked trustee ; and if he gave a bond conditioned as represented by the appellant, that must be regarded as binding him, if at all, in his personal, and not in his representative char-acter. We, therefore, do not think this furnishes any reason for vacating the decree which has been entered here.

The motion is denied, and the decree heretofore entered must stand as the decree of this court.